. ≫ Good morning, your honor. Richard Jaffe for the appellants. May it please the court. First, I want to thank the court and the court staff for the accommodation. I greatly appreciate it and the efficiency. May it please the court. With the court's indulgence I would like to start with the  first amendment because all of the threshold issues implicate in some fashion the first amendment either by way of a modification of the standard, an exception, or whether the threshold doctrine applies. And then I'm going to try to make six points on the first amendment issue and then we'll move on to the threshold issues. ≫ Thank you.  ≫ Counsel, as you do that, I would appreciate your addressing the effect of the younger abstention because, of course, that has a huge role to play in all of these, including the first amendment claim. So if you could weave that into your discussion, I would appreciate it. ≫ Okay. Like I said, I'm going to discuss the first amendment and then we'll move on to the threshold  The first amendment, the younger abstention on the most general level, younger, deals with one of the cases. Most of these cases, younger abstention, you have an individual challenging a criminal proceeding, a board proceeding, on an individual case. And you have an individual challenging a criminal   So younger abstention in general, by the terms, is not really geared to stopping an enforcement, a widespread enforcement practice. In this case, you have a national policy of the federation of state medical boards, the target of which, the state of California, was to be a  institution, the Washington medical commission, targeting speech, by the way, the state of California also considered the same policy statement, but they decided in terms of AB 2098 that they could not reach the state of California. And they decided to  U.S. jurisprudence, which is applied younger, where you have a systematic enforcement practice against a class of people. » One such case was younger. Younger itself was a first amendment case. There's lots of cases that have happened in the past.   Eggleston and Dr. Seiler, who are in the middle of ongoing proceedings, why would younger not bar the claims they have here? There are other plaintiffs here and we can get to those, but you have two who are in the middle of the proceedings. » That's correct. And of course the other three are not in the middle of the proceedings. And the other three are under investigation right now. » So we can chop this up a little bit. Do you agree that Dr. Eggleston and Dr. Seiler are barred because of younger? » No. And the reason for that is, first of all, the state, or at least the lower court did not identify a proper state interest in that.  there is no, you can't have a state interest, which is unconstitutional. The notion that a medical board can target the public speech has been expressly rejected by this court in Tingley, affirmed by pickup and Tingley. » Counsel, with respect, let's go back to younger. » I'm going to
judges: THOMAS, SMITH, BRESS